IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CV-482-FDW
(3:99-CR-58-FDW-1)

| | |
|---|---|
| TERRENCE CUNNINGHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JEFF GRONDOLSKY, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for a Writ of Habeas Corpus brought under 28 U.S.C. § 2241. (Doc. No. 1). For the following reasons, the Court dismisses the petition.

**I.  BACKGROUND**

On May 26, 1999, Petitioner pled guilty in this Court to conspiring to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Criminal Case No. 3:99cr58-FDW-1, Doc. No. 21: Judgment). On November 16, 2000, this Court sentenced Petitioner to 240 months' imprisonment. (Id.). Before sentencing, Petitioner was designated as a career offender. Petitioner did not appeal.

On September 19, 2011, Petitioner filed a § 2255 motion to vacate, which this Court denied and dismissed as untimely on September 26, 2011.[1] (Id., Doc. Nos. 38; 39). Petitioner placed the instant § 2241 petition in the prison system for mailing on August 16, 2013, and it was

---

[1] Petitioner also filed a § 2241 petition in the Eastern District of North Carolina on March 15, 2010, but Petitioner voluntarily dismissed that action without prejudice on May 24, 2011. See (Cunningham v. Revell, 5:10-hc-02041-D (E.D.N.C.), Doc. Nos. 1; 5).

1

stamp-filed in this Court on August 22, 2013. In the petition, Petitioner contends that his guilty plea was not made voluntarily and knowingly and that he is actually innocent of his career offender designation under the Supreme Court's recent ruling in Alleyne v. United States, 133 S. Ct. 2151 (2013).[2]

## II.     DISCUSSION

Petitioner seeks to have the Court vacate his conviction and sentence in Criminal Case No. 3:99-CR-58. As noted, Petitioner has filed a previous § 2255 motion to vacate the same conviction and sentence. A motion brought pursuant to 28 U.S.C. § 2255 is the primary means to collaterally challenge a federal conviction and sentence. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Furthermore, in the interest of finality of convictions, petitioners are limited to filing only one § 2255 motion unless the petitioner receives prior authorization from the appropriate court of appeals. More specifically, under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Under the so-called "savings clause" of § 2255, the remedy under § 2255 is "inadequate or ineffective" only when:

---

[2] Petitioner presented essentially the same claims in his § 2255 motion to vacate, although he cited Apprendi v. New Jersey, 530 U.S. 466 (2000), in support of his actual innocence claim.

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner has not shown that he can meet the requirements of the savings clause of § 2255 in order to bring this § 2241. Moreover, Petitioner cannot avoid the rules of successive petitions by filing a § 2241 petition. Indeed, the claims Petitioner raises here can only be brought through a § 2255 motion to vacate. Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this unauthorized, successive petition must be dismissed.[3] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2241 petition for lack of jurisdiction because the claims raised in the petition render the petition, in substance, a successive § 2255 motion, and Petitioner has not first obtained permission from the Fourth

---

[3] The Court notes that although it is without jurisdiction to decide the merits of the petition, Petitioner's argument is without merit in any event because the Supreme Court has not recognized Alleyne as applying retroactively on collateral review. See Simpson v. United States, 721 F.3d 875 (7th Cir. 2013).

Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2241 habeas petition, (Doc. No. 1), is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 6, 2013

Frank D. Whitney
Chief United States District Judge